IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TAMISHA LEWIS-JUNGE,<br><br>Plaintiff,<br><br>v.<br><br>HILAND MOUNTAIN CORRECTIONAL CENTER, et al.,<br><br>Defendants. | Case Nos.<br>3:25-cv-00201-RRB<br>3:25-cv-00202-RRB<br>3:25-cv-00203-RRB<br>3:25-cv-00204-RRB<br>3:25-cv-00205-RRB<br>3:25-cv-00206-RRB<br>3:25-cv-00207-RRB<br>3:25-cv-00208-RRB<br>3:25-cv-00210-RRB<br>3:25-cv-00211-RRB<br>3:25-cv-00212-RRB<br>3:25-cv-00213-RRB<br>3:25-cv-00215-RRB<br>3:25-cv-00217-RRB<br>3:25-cv-00218-RRB<br>3:25-cv-00220-RRB<br>3:25-cv-00221-RRB<br>3:25-cv-00222-RRB<br>3:25-cv-00223-RRB<br>3:25-cv-00224-RRB<br>3:25-cv-00228-RRB<br>3:25-cv-00229-RRB<br>3:25-cv-00233-RRB<br>3:25-cv-00234-RRB<br>3:25-cv-00235-RRB<br>3:25-cv-00236-RRB<br>3:25-cv-00240-RRB<br>3:25-cv-00241-RRB<br>3:25-cv-00242-RRB<br>3:25-cv-00244-RRB<br>3:25-cv-00245-RRB<br>3:25-cv-00246-RRB<br>3:25-cv-00247-RRB<br>3:25-cv-00248-RRB |

3:25-cv-00251-RRB
3:25-cv-00252-RRB
3:25-cv-00266-RRB
3:25-cv-00267-RRB
3:25-cv-00268-RRB
3:25-cv-00271-RRB
3:25-cv-00272-RRB
3:25-cv-00273-RRB
3:25-cv-00274-RRB
3:25-cv-00275-RRB
3:25-cv-00277-RRB
3:25-cv-00278-RRB
3:25-cv-00279-RRB
3:25-cv-00280-RRB
3:25-cv-00281-RRB
3:25-cv-00283-RRB
3:25-cv-00286-RRB
3:25-cv-00287-RRB
3:25-cv-00290-RRB
3:25-cv-00291-RRB
3:25-cv-00300-RRB
3:25-cv-00301-RRB
3:25-cv-00308-RRB
3:25-cv-00309-RRB
3:25-cv-00324-RRB
3:25-cv-00325-RRB

**ORDER DENYING MOTIONS TO REOPEN CASES**

Self-represented litigant Tamisha Lewis-Junge ("Plaintiff") previously filed 67 cases in this Court seeking relief pursuant to 42 U.S.C. § 1983, and another four under the name "Tamisha Lewis." Plaintiff's Complaints alleged that various individuals and entities had committed medical malpractice and/or violated her constitutional rights, alleging violations of rights such as "cruel and unusual punishment," and "freedom of speech." The Court took judicial notice that Plaintiff had also filed numerous civil

complaints in Alaska Superior Court,[1] many against the same defendants. The Court screened all of Plaintiff's cases pursuant to 28 U.S.C. §§ 1915(e),[2] and found that the numerous Complaints repeated factual allegations involving kidnappings, "camouflage," "deepfake audio," "hypnosis," forced medication, robbery, and rape, all of which Plaintiff claims to have recorded "with nano contact lenses." This Court previously explained, at great length, that the vast majority of the Defendants named were not subject to suit under § 1983.[3] The Court also explained that Plaintiff failed to identify any viable claims. Plaintiff's claims did not allege a violation of either rights guaranteed by the Constitution or enforceable rights created by federal statute.

Motions to reopen closed cases are governed by Federal Rule of Civil Procedure 60(b), which provides grounds for relief from judgment including (in relevant part) mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation or misconduct by an opposing party; or any other reason that justifies relief. None of Plaintiff's Motions to reopen provide any such grounds, and the Court sees no other reason that justifies relief.

[1] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[2] 28 U.S.C. § 1915. *See also Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"); *Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

[3] Case No. 3:25-cv-00201-RRB, Docket 6.

Plaintiff previously was given the opportunity to amend her complaints to bring any claims against Hiland Mountain, OCS, and ASD.[4] She failed to do so by the deadline established by this Court.[5] To the extent that she seeks to reopen the cases against any of these Defendants, Plaintiff's motions to reopen those case still do not allege any viable claims.[6]

Although Plaintiff alleges violations of federal constitutional rights, including freedom of speech and freedom from cruel and unusual punishment, she did not describe an injury-in-fact or alleged an affirmative link between any specific injury and the conduct of any individual defendant. Nothing in the 63 motions to re-open cases closed by this Court presents any new information that warrants reopening these cases.

Accordingly, for the reasons discussed in this order, as well as in this Court's prior orders, Plaintiff's claims cannot be redressed under § 1983.

**IT IS THEREFORE ORDERED:**

Plaintiff's Motion to Reopen *in each above-captioned case* is **DENIED.**

IT IS SO ORDERED this 18th day of August, 2026, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

[4] Case Nos. 3:25-cv-00201 RRB, 3:25-cv-00202 RRB, and 3:25-cv-00210 RRB, each at Docket 6.

[5] *See* Case No. 3:25-cv-00201-RRB, Docket 6 at 27–28.

[6] Plaintiff alleges that the correctional center "held [her] hostage in a cell" and "they annoy me with the coworker using technology illegally so they can steal from me." Case No. 3:25-cv-00201, Docket 9. As to OCS, she alleges that she has not seen her daughter in years and that an AMBER ALERT should be issued. Case No. 3:25-cv-00202, Docket 9. With respect to ASD, she alleges delusions by staff and requiring her to be in special ed classes. Case No. 3:25-cv-00210, Docket 9.